■ In the Matter of GRAND JURY SUBPOENAS DUCES TECUM DATED MARCH 8, 1985. ROBERT ABRAMS, as Attorney-General of the State of New York, Appellant; JOHN DOE, INC., et al., Respondents.—Appeal by the Attorney-General of the State of New York from so much of (1) two orders of the Supreme Court, Suffolk County (Fierro, J.), both dated April 22, 1985, as to respondents John Doe, Inc., and Peter Scalamandre & Sons, Inc., respectively, and (2) an order of the same court, dated April 18, 1985, as to respondent Hendrickson Bros., Inc., as upon motions by the respondents, *inter alia,* to quash certain Grand Jury subpoenas duces tecum, granted the motions to the extent of quashing the subpoenas pending the completion of bidding and the awarding of the highway construction contracts to which the documents relate.

Orders reversed, insofar as appealed from, without costs or disbursements, and motion granted only to the extent that, in the exercise of discretion pursuant to CPL 610.25, upon production the Attorney-General is to retain custody of the documents in question for only that period of time which is reasonably necessary to catalogue and reproduce them. Thereafter, the Attorney-General is to return the originals to the movants who shall be entitled to retain custody of them until the public works projects to which they pertain are either awarded or officially abandoned. The respondents' time to comply with the subpoenas, as so limited, is extended until five days after service upon their respective attorneys of a copy of the order to be made hereon, with notice of entry, or at such other time as the parties may agree.

Respondents individually moved, *inter alia,* to quash Grand Jury subpoenas directing the production of the internal records and documentation relating to their bids on five separate public works projects and a "superbid" encompassing all five projects. Special Term properly found that respondents failed to meet their burden of producing concrete evidence of the propriety of quashing these subpoenas *(Virag v Hynes,* 54 NY2d 437; *Matter of Eco's Food Co. v Kuriansky,* 100 AD2d

878). Consequently, it was error for Special Term to have granted the motions temporarily pending the award of these public works projects. We are cognizant of the fact that strict confidentiality of the subpoenaed materials is necessary if respondents are to continue to bid on these projects *(see, e.g., General Municipal Law § 103-d; State Finance Law § 144).* Respondents have failed to show, however, why the statutory mandate of secrecy in Grand Jury proceedings would be insufficient to protect their interests *(see,* CPL 190.25 [4]). Furthermore, the relief accorded by Special Term was improper as it poses potential practical difficulties by imposing what is, in effect, an open-ended stay of these subpoenas which may frustrate the proper functions of the Grand Jury. A Grand Jury is an inherently temporary body and any unnecessary delay might frustrate its purpose *(see, e.g., Matter of McGinley v Hynes,* 51 NY2d 116, *cert denied* 450 US 918).

However, respondents' "legitimate needs" indicate that the materials sought are crucial to their ability to continue to bid on these open public works projects *(see,* CPL 610.25 [2]). In the exercise of discretion, respondents are accorded appropriate relief pursuant to CPL 610.25.

Consequently, respondents are directed to produce the subpoenaed materials within five days after service upon their respective attorneys of a copy of the order to be made hereon, with notice of entry. The Attorney-General shall have custody of the materials for a reasonable period of time necessary to catalogue and reproduce them. Thereafter, the materials are to be returned to respondents for their use in the preparation of future bids on the open public works projects. Mollen, P. J., Gibbons, Rubin and Kooper, JJ., concur.